UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN W. TECKENBROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01437-JMS-TAB |
| | ) | |
| JOHN REYNOLDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants' motion to withdraw their motion for summary judgment on the affirmative defense that the plaintiff failed to exhaust his available administrative remedies before filing this lawsuit, dkt. [64], is **GRANTED**.[1] The motion for summary judgment, dkt. [47], is **WITHDRAWN**. The plaintiff's motion for an extension of time, which is directed to the summary judgment motion, dkt. [63], is **DENIED AS UNNECESSARY**. The Court will issue a schedule directing development of the merits of the plaintiff's claims separately.

**SO ORDERED.**

Date: 6/18/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] The Court notes that the defendants are withdrawing the affirmative defense because they have discovered "medical grievances" showing that the plaintiff did exhaust his administrative remedies, a position that the plaintiff has taken throughout the briefing on the exhaustion motion. In addition, this information contradicts the affidavit of the Hamilton County Jail Commander, Dustin Castor submitted in support of the motion for summary judgment. Dkt. 49-1. That affidavit attached several grievances related to the plaintiff's time at the Jail and stated that he had filed "no other requests, grievances, or appeals….as it relates to his medical care." *Id.* ¶ 25. The motion to withdraw the summary judgment motion states that, counsel for the defendants asked the Jail for the plaintiff's grievance records several times, including through a subpoena and by email request to the Jail. Dkt. 64 ¶ 1, 6. After counsel for the defendants contacted the Jail's nurse manager, they were given additional grievances that had not previously been disclosed and that showed that the plaintiff had filed grievance appeals. *See* dkt. 64 ¶ 12. Therefore, it was only after the Court's June 9, 2025, order that these additional grievance records were discovered. It thus appears that the Jail Commander's affidavit may have been untruthful. Presentation of incomplete or false testimony in the future could lead to serious sanctions.

Distribution:

BRIAN W. TECKENBROCK
238617
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sean Thomas Devenney
DREWRY SIMMONS VORNEHM, LLP (Carmel)
sdevenney@dsvlaw.com

Melanie A. Kalmbach
DREWRY SIMMONS VORNEHM, LLP (Carmel)
mkalmbach@dsvlaw.com